UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL L. THERIOT,

                Plaintiff,                                 No. 11-13158

vs.                                         Hon. Gerald E. Rosen

WAYNE COUNTY PROSECUTOR,

                Defendant.
_____/

## ORDER OF SUMMARY DISMISSAL

       At a session of said Court, held in
       the U.S. Courthouse, Detroit, Michigan
       on _____August 2, 2011_____

        PRESENT:    Honorable Gerald E. Rosen
                            United States District Chief Judge

On July 21, 2011, Plaintiff Cheryl L. Theriot filed a *pro se* complaint against the

Wayne County Prosecutor in which she complains that on July 16, 2011, the prosecutor

maliciously charged her son with first-degree murder and related lesser crimes, and

deprived him of his Fourth Amendment and due process rights, for which she seeks

$1,000,000,000 in damages. Plaintiff has been granted permission to proceed with this

action *in forma pauperis,* without prepayment of the filing fee under 28 U.S.C. § 1915.

After careful consideration, the Court dismisses Plaintiff's complaint pursuant to 28

U.S.C. § 1915(e)(2).

       Complaints filed *in forma pauperis* are subject to the screening requirements of 28

1

U.S.C. § 1915(e)(2).  *Brown v. Burgery*, 207 F.3d 863, 866 (6th Cir. 2000).  Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.

Having reviewed Plaintiff Theriot's complaint in this action, the Court concludes that the complaint fails to state a claim upon which relief may be granted and seeks monetary relief from a defendant who is immune from such relief.

As an initial matter, from the facts alleged in Plaintiff's Complaint, it does not appear that any claim for the malicious prosecution of Darius Theriot is ripe.  For Plaintiff to make out a Fourth Amendment claim for malicious prosecution, it must be established that the criminal proceedings terminated in Darius's favor.  *See Miller v. Sanilac County*, 606 F.3d 240, 247 (6th Cir. 2010).  No such showing has been made here.  Therefore, until the charges against Darius are dropped or the criminal case against him is dismissed or otherwise terminates in his favor, no claim for malicious prosecution exists.

However, even if a claim based on malicious prosecution may be brought at this time, our Plaintiff, Cheryl Theriot, cannot bring it.  Plaintiff here is complaining about the deprivation of *her son's* Fourth Amendment and due process rights by the Wayne County Prosecutor.  It is well-settled, however, that "a litigant may only assert his or her own constitutional rights." *O'Malley v. Brierley*, 477 F.2d 785, 789 (3d Cir.1973)

(quoting *United States v. Raines*, 362 U.S. 17, 22 (1960).  One cannot sue for the deprivation of another's civil rights.  *Id.*; *TOPIC v. Circle Realty Co.*, 532 F.2d 1273 (9th Cir.) *cert. denied*, 429 U.S. 859 (1976) (litigants have no standing to assert civil rights of third parties injured by unlawful conduct).  "Only persons actually deprived of their individual civil rights can redress such rights." *United States v. Madison County Board of Education*, 379 U.S. 929 (1964).  *See also Krum v. Sheppard*, 255 F.Supp. 994 (W.D.Mich. 1966), *aff'd*, 407 F.2d 490 (6th Cir. 1967).   Therefore, Plaintiff has no cause of action for the deprivation of her son's constitutional rights.

Furthermore, even if a cause of action has been alleged, Plaintiff seeks monetary relief from a defendant who is immune from such relief.  Plaintiff has brought her suit against the Wayne County Prosecutor.  A prosecutor, however, is absolutely immune for the initiation and pursuit of a criminal prosecution.  *Imbler v. Pachman*, 424 U.S. 409, 431 (1976); *Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998).  Likewise, a prosecutor is absolutely immune from civil suit based on a decision not to prosecute or to terminate a prosecution.  *Dohaish v. Tooley*, 670 F.2d 934 (10th Cir. 1982); *Curry v. Jensen*, 523 F.2d 387 (9th Cir. 1975), *cert. denied*, 423 U.S. 998 (1975); *Turack v. Guido*, 464 F.2d 535 (3rd Cir. 1972).  "Absolute prosecutorial immunity is not defeated by showing that a prosecutor acted wrongfully or even maliciously [because] the decision to prosecute. . . 'even if malicious and founded in bad faith, is unquestionably advocatory and at the heart of the holding in *Imbler*.'" *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989).

For all of the foregoing reasons, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted.  Therefore,

IT IS HEREBY ORDERED that Plaintiff's *ifp* complaint is hereby DISMISSED, pursuant to 28 U.S.C. § 1915(e)(2).

IT IS FURTHER ORDERED that any appeal from this order would be frivolous and not in good faith.  Therefore, leave to appeal *in forma pauperis* will be DENIED.


                              s/Gerald E. Rosen
                              Chief Judge, United States District Court

Dated:  August 2, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 2, 2011, by electronic mail and upon Cheryl L. Theriot, 456 Marston Street, Detroit, MI 48202 by ordinary mail.

                              s/Ruth A. Gunther
                              Case Manager